**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

ANTHONY P. STUBBS,         )
                           )
        Plaintiff,        )
                           )
        v.                )        No. 4:22-cv-00507-SPM
                           )
STATE OF MISSOURI, et al.,     )
                           )
        Defendants.     )

**MEMORANDUM AND ORDER**

This matter comes before the Court on the motion of plaintiff Anthony P. Stubbs for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will direct plaintiff to file an amended complaint on a Court-provided form.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In this case, plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2), asserting that his "institution will not provide" one. (Docket No. 6). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his inmate account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73

(8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Greene County Justice Center in Springfield, Missouri.[1] At the time relevant to this complaint, however, he was an inmate at the Eastern Reception, Diagnostic and Correctional Center (ERDCC) in Bonne Terre. Plaintiff brings this civil action pursuant to 42 U.S.C. § 1983. The complaint is handwritten and not on a Court-provided form. As best the Court can tell, plaintiff has named ten separate

---

[1] Plaintiff initially filed this civil action in the United States District Court for the Western District of Missouri. On May 2, 2022, the Western District transferred the matter to this Court pursuant to 28 U.S.C. § 1404(a).

defendants:[2] (1) the State of Missouri; (2) Governor Mike Parsons; (3) Director Anne L. Precythe; (4) Warden ERDCC; (5) ERDCC Institutional Investigators; (6) Lieutenant Anderson; (7) NECC Warden; (8) ERDCC Second Shift Sergeant; (9) Officer Michele Mayes; and (10) Governor Eric Greitens. (Docket No. 1 at 2-7). Defendants Precythe, Anderson, and Greitens are sued in both their individual and official capacities, while the Warden ERDCC, Institutional Investigators, and NECC Warden are sued in their official capacities only. Plaintiff has not indicated the capacity in which he is suing defendants Parsons, Mayes, and the Second Shift Sergeant.

In the complaint, plaintiff alleges that he was engaged in an inappropriate sexual relationship with Officer Mayes, violating his rights under the Eighth and Thirteenth Amendments. Specifically, he states that "from late December 2017" to the "end of February of 2018," he was in administrative segregation at the ERDCC. (Docket No. 1 at 19). While there, he "worked as an inmate trustee." At the same time, Officer Mayes was a correctional officer working the second shift. According to plaintiff, Officer Mayes "would come to [his] cell door to get [him] out to work at [his] appointed trustee duties, at 6:00 in the morning 5 days a week," whereupon they "would go to the back office where [they] would kiss, fondle, and swap contraband." (Docket No. 1 at 20). Plaintiff asserts that this occurred "for a few months," until he "was caught with contraband that [Officer Mayes] had given [him], and "she was made to leave the institution."

With regard to Governor Greitens, plaintiff asserts that Greitens "was the Governor of the State of Missouri in 2017-2018 when [he] was transferred to the [ERDCC]." (Docket No. 1 at 8). While at the ERDCC, he states that he "entered into an unauthorized relationship with" Officer

[2] In the "caption" of his handwritten complaint, plaintiff names the State of Missouri as the defendant. On the following four pages, he has spaces numbered 2-9, in which he identifies additional defendants. (Docket No. 1 at 3-6). Defendant #6, however, has been left blank, and is not given a name or job title. Meanwhile, on page 5 of the complaint, plaintiff presents three unnumbered defendants, one of them being the "NECC Warden," while the other two – Governor Parsons and the Missouri Department of Corrections Director – are listed elsewhere. (Docket No. 1 at 5). Adding to the confusion, on page 7 of the complaint, plaintiff lists former Governor Eric Greitens as "Defendant No. 1." (Docket No. 1 at 7). In total, ten different defendants are identifiable.

4

Mayes "that was sexual in nature." Plaintiff contends that he was "an inmate with no consensual rights to be placed in an unauthorized relationship," and that the relationship violated state and federal law, as well as his constitutional rights. In particular, he argues that his relationship with Officer Mayes amounted "to sexual slavery" in violation of the Thirteenth Amendment.

As to Governor Parsons, plaintiff explains that Parsons "was the Missouri state governor when [he] was sent back to the Department of Corrections in…2020." (Docket No. 1 at 9). He goes on to assert that when he was in the Green County Jail, Officer Mayes "reestablished contact with [him]." Plaintiff suggests that he learned that a lot of his problems "on the streets" stemmed from the "unauthorized relationship" he had with Officer Mayes while in the ERDCC. He states that he wanted "to draw as much out of her as [he] could," so between March 2020 and July 2020 he "would call her regularly." (Docket No. 1 at 9-10). It is unclear what role, if any, Governor Parsons played in this.

Concerning Lieutenant Anderson, plaintiff states that at some point in 2020, he "was sent from Fulton to NECC," where Anderson was "working as a major." (Docket No. 1 at 10). He "mentioned this over the phone to" Officer Mayes, and Mayes "told [him] that the entire time [he] was in an unauthorized relationship" with her, "she was answering to Lieutenant Anderson." At this point, plaintiff states that he stopped "all contact with" Officer Mayes, and began filing grievances on Lieutenant Anderson. He claims that "this grievance" caused "a great deal of backlash from the other inmates," and that he "was even assaulted." (Docket No. 1 at 11). In any event, plaintiff was later told he could not continue "the grievance process because" Lieutenant Anderson "had left the institution which [remedied his] grievance." Plaintiff also alleges that Lieutenant Anderson gave "directives to [Officer Mayes] while she was in an unauthorized relationship that was sexual in nature," and that "phone calls over a Department of Corrections

phone will lend credit to the fact that [Anderson] was commanding [Officer Mayes] to be in a[n] unauthorized relationship with [him] that was sexual in nature." (Docket No. 1 at 17).

Regarding Director Precythe, plaintiff notes that Precythe was the "Director of [the] Missouri State Department of Corrections during the entirety of this civil complaint." (Docket No. 1 at 13). In her role as "the head director over all the ranking officials in this complaint," as well as those "employed in the Department of Corrections," she is "directly responsible for her [employee's] misconduct down the chain of command."

Similarly, plaintiff states that the Warden of ERDCC from 2017 to 2018 had "direct [control] and command of the following employees who are also defendants in this legal claim." (Docket No. 1 at 15).

In reference to the unnamed institutional investigators at the ERDCC, plaintiff simply repeats his allegation that he was in an "unauthorized relationship that was sexual in nature," and that the investigators somehow allowed "their officers" to engage in this relationship. (Docket No. 1 at 16). He further asserts that as an inmate, he "did not have the right to consent," and that even though the Thirteenth Amendment "allows for the slavery of a criminal[,] it does not allow for the sexualized slavery of a criminal."

Likewise, plaintiff asserts that the Second Shift Sergeant had "authority over [Officer Mayes] while she was in an unauthorized relationship with [him] that was sexual in nature."

Based on these allegations, plaintiff seeks $5 million in punitive damages. (Docket No. 1 at 26). He also wants the Thirteenth Amendment "abolished from the United States Constitution."

## Discussion

Plaintiff is a self-represented litigant who brings this civil action pursuant to 42 U.S.C. § 1983, accusing defendants of allowing him to be in an unauthorized sexual relationship while in

the ERDCC. Because he is a self-represented litigant, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court has determined that the complaint is deficient and subject to dismissal. However, the Court will give plaintiff the opportunity to file an amended complaint.

### A.  Amended Complaint

Plaintiff's complaint is deficient and subject to dismissal for five reasons. First, it is not on a Court-provided form, as required. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

Second, plaintiff has named the State of Missouri as a defendant. Such a claim is barred by the doctrine of sovereign immunity. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court"). In other words, the Eleventh Amendment bars suit against a state or its agencies for any kind of relief, not merely monetary damages. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (stating that district court erred in allowing plaintiff to proceed against state university for injunctive relief, and remanding matter to district court for dismissal).

Third, plaintiff's official capacity claims against defendants Precythe, Warden ERDCC, Institutional Investigators, Lieutenant Anderson, Governor Greitens, and NECC Warden are treated as being made against their employer, the State of Missouri. *See Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016) (stating that a "plaintiff who sues public employees in their official, rather than individual, capacities sues only the public employer"). A state, however, is not a "person" for purposes of a 42 U.S.C. § 1983 claim for money damages. *See Kruger v. Nebraska*, 820 F.3d 295, 301 (8th Cir. 2016) (explaining that "a state is not a person for purposes of a claim for money damages under § 1983"). Moreover, plaintiff's claim is barred by the

7

Eleventh Amendment. *See Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999) ("A claim for damages against a state employee in his official capacity is barred under the Eleventh Amendment").

Fourth, as to defendants Parsons, Second Shift Sergeant, and Officer Mayes, plaintiff has not indicated the capacity in which they are sued. Therefore, the Court must assume they are sued in their official capacities only. *See Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity"). As previously noted, official capacity claims against an individual are treated as being made against the individual's employer. Here, plaintiff's official capacity claims against these state employees fail, as the State of Missouri is not a 42 U.S.C. § 1983 "person," and because the state is protected by sovereign immunity.

Fifth, plaintiff has not stated individual capacity claims against defendants Precythe, Anderson, and Greitens, because he has not demonstrated their personal responsibility for violating his constitutional rights. *See S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015) ("Government officials are personally liable only for their own misconduct"). As to Director Precythe and Governor Greitens, there is no indication that either person had anything to do with plaintiff's case whatsoever. With regard to Lieutenant Anderson, plaintiff states only that Anderson "gave directives to" Officer Mayes while Mayes was in an "unauthorized relationship." He provides no facts to explain this allegation, or to support his contention that Lieutenant Anderson commanded Mayes to engage in a relationship with plaintiff. Instead of facts, plaintiff vaguely alludes to "phone calls over a Department of Corrections phone" that he insists will support his claim. This is not sufficient to show that Lieutenant Anderson committed a constitutional violation.

For all these reasons, plaintiff's complaint is subject to dismissal under 28 U.S.C. § 1915. Rather than dismissing outright, however, the Court will give plaintiff the opportunity to file an amended complaint according to the instructions set forth below. Plaintiff **must** follow these instructions. Failure to follow these instructions may result in the dismissal of this action.

**B.  Amendment Instructions**

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms"). If the amended complaint is handwritten, the writing must be legible.

In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, plaintiff may add additional sheets of paper. **However, all the defendants must be clearly listed**.

Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page. He should then fill out the complaint form in its entirety, and ensure that it is signed.

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). Additional sheets of paper may be used as necessary.

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other.

*See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff **must** specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. If plaintiff does not specify the capacity in which he is suing a defendant, it will be presumed that the defendant is sued in an official capacity only.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important that he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan*

*Chase Bank, N.A.*, 760 F.3d 843, 848 (8ᵗʰ Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8ᵗʰ Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to plaintiff.

## C. Motions to Appoint Counsel

Plaintiff has filed two motions to appoint counsel. (Docket No. 7; Docket No. 8). In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8ᵗʰ Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8ᵗʰ Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8ᵗʰ Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. In particular, as discussed above, plaintiff's complaint is deficient, and he has been ordered to file an amended complaint on a Court-provided form. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **thirty (30) days** of the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions for leave to proceed in forma pauperis (Docket No. 7; Docket No. 8) are **DENIED** at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint on the Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff fails to file an amended complaint on the Court form within **thirty (30) days** of the date of this order, in accordance with the instructions set forth above, this action will be dismissed without prejudice and without further notice.

**IT IS FURTHER ORDERED** that upon receipt of plaintiff's amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915.

SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE

Dated this 2nd day of August, 2022.