# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY P. STUBBS, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:22-cv-00507-SPM |
| STATE OF MISSOURI, et al., | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On August 2, 2022, plaintiff Anthony P. Stubbs was ordered to file an amended complaint within thirty days. (Docket No. 9). More than thirty days have elapsed, and he has not complied. Therefore, for the reasons discussed below, the Court will dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Greene County Justice Center in Springfield, Missouri. On April 25, 2022, he filed a prisoner civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the Western District of Missouri. (Docket No. 1). The Western District transferred the matter to this Court on May 2, 2022. (Docket No. 3).

The complaint was handwritten and not on a Court-provided form. It named as defendants: (1) the State of Missouri; (2) Governor Mike Parsons; (3) Director Anne L. Precythe; (4) Warden ERDCC; (5) ERDCC Institutional Investigators; (6) Lieutenant Anderson; (7) NECC Warden; (8) ERDCC Second Shift Sergeant; (9) Officer Michele Mayes; and (10) Governor Eric Greitens. Defendants Precythe, Anderson, and Greitens were sued in both their individual and official

capacities, while the Warden ERDCC, Institutional Investigators, and NECC Warden were sued in their official capacities only. Plaintiff did not indicate the capacity in which he was suing defendants Parsons, Mayes, and the Second Shift Sergeant.

In the complaint, plaintiff alleged that he engaged in an inappropriate sexual relationship with Officer Mayes, violating his rights under the Eighth and Thirteenth Amendments. He contended that he was "an inmate with no consensual rights to be placed in an unauthorized relationship," and that the relationship violated state and federal law, as well as his constitutional rights. In particular, he argued that his relationship with Officer Mayes amounted "to sexual slavery" in violation of the Thirteenth Amendment. As to the other defendants, plaintiff appeared to suggest that they were responsible for this "unauthorized relationship" due to their respective positions of authority. He sought $5 million in punitive damages, and to have the Thirteenth Amendment "abolished from the United States Constitution."

Along with his complaint, plaintiff filed a motion for leave to proceed in forma pauperis. (Docket No. 2). The Court granted the motion on August 2, 2022, and assessed an initial partial filing fee. (Docket No. 9).

Because plaintiff was proceeding in forma pauperis, the Court reviewed his complaint under 28 U.S.C. § 1915. Based on that review, the Court determined that plaintiff's complaint was deficient and subject to dismissal. Rather than dismissing outright, however, the Court ordered plaintiff to file an amended complaint on a Court form within thirty days. He was sent a copy of the Court's prisoner civil rights complaint form to aid his compliance, and given instructions on how to amend. The Court advised plaintiff that if he did not file an amended complaint within thirty days, his case would be dismissed without prejudice and without further notice.

**Discussion**

On August 2, 2022, plaintiff was ordered to file an amended complaint on a Court-provided form. He was given thirty days in which to comply, and warned that his failure to comply would result in the dismissal of this action without prejudice and without further notice. The amended complain was due on or before September 1, 2022. The deadline for plaintiff to file his amended complaint has expired. Indeed, the Court has given plaintiff substantially more than thirty days in which to submit a response. Despite being given additional time, plaintiff has not filed an amended complaint, nor sought an extension of time in which to do so.

Even though he is a self-represented litigant, plaintiff must still comply with the Court's orders and with the Federal Rules of Civil Procedure. *See Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure"). Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). This rule applies to self-represented litigants. *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (noting that self-represented "litigants are not excused from compliance with substantive and procedural law"). Furthermore, the Court may dismiss an action under Rule 41(b) on its own motion. *Id*. (stating that the "district court has the power under Fed. R. Civ. P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order," and that "[a] court may so dismiss on its own initiative"). *See also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

Because plaintiff has not complied with the Court's August 2, 2022 order to submit an amended complaint, and because he has not sought an extension of time in which to comply, the Court will dismiss this action without prejudice. *See Dudley v. Miles*, 597 Fed. Appx. 392 (8th Cir. 2015) (affirming district court's Fed. R. Civ. P. 41(b) dismissal for failure to comply with a court order, where plaintiff failed to follow an order to file an amended complaint, "[d]espite warnings that dismissal could result from his failure to do so").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of August 2, 2022. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 29th day of September, 2022.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE